UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, *et al.*, | |
| Plaintiffs, | Case No. 15 CV 09386 |
| v. | Judge Der-Yeghiayan |
| BRYN MAWR FLOORING, INC., a Pennsylvania corporation, | Magistrate Judge Valdez |
| Defendant. | |

## PLAINTIFFS' PETITION TO PROVE UP
## DAMAGES AND FOR ENTRY OF FINAL JUDGMENT

This Court granted the plaintiffs Chicago Regional Council of Carpenters Pension Fund

*et al.*'s ("Trust Funds") motion for a default order against defendant BRYN MAWR

FLOORING, INC. ("Bryn Mawr") on December 16, 2015. *See* Docket Entry, Dec. 16, 2015,

Docket No. 8. In order to obtain a final judgment, the Trust Funds hereby submit this Plaintiffs'

Petition to Prove Up Damages and for Entry of Final Judgment ("Petition"). In support of their

Petition, Trust Funds state as follows:

## I.  SUMMARY OF DAMAGES.

For the reasons explained more fully below, this Court should award the Trust Funds

$8,465.61 in damages, which includes (A) unpaid fringe benefit contributions in the amount of

$3,665.60, (B) interest in the amount of $116.99, (C) double liquidated damages in the amount of

$727.18, (D) auditors' fees in the amount of $1,122.50, and (E) attorneys' fees and costs of

$2,833.34.

## II.    ARGUMENT.

### A.  Damages for Non-Union Subcontracting Liability.

Bryn Mawr is signatory to the Chicago Regional Council of Carpenters ("Union").  *See* Declaration of J. Libby ¶3, Exhibit A.  The Trust Funds conducted an audit of Bryn Mawr's books and records which revealed unpaid fringe benefit contributions in the amount of $3,665.60.  *See* Declaration of J. Libby ¶¶4-8, Exhibit A.

Under ERISA, Bryn Mawr is liable to the Trust Funds for any unpaid fringe benefit contributions.  ERISA states as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan— **(A)** the unpaid contributions . . . .

*See* 29 U.S.C. §1132(g)(2)(A).

The audit report reveals that Bryn Mawr owes $3,665.60 in unpaid contributions for failing to accurately report contribution hours for two employees.  *See* Declaration of J. Libby ¶8, Exhibit A.  A detailed breakdown of the unpaid fringe benefit contributions is attached as Exhibit 1 to the declaration of J. Libby.  Therefore, the amount due for unpaid fringe benefit contributions is $3,665.60.

### B.  Interest.

Under ERISA, 29 U.S.C. §1132, Trust Funds are entitled to collect interest on the unpaid contributions.  Section 1132(g)(2)(B) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> . . .
> **(B)** interest on the unpaid contributions,
> . . .
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

*See* 29 U.S.C. §1132(g)(2).  And, section 6621 of title 26 provides as follows:

> **(2) Underpayment rate.**  The underpayment rate established under this section shall be the sum of—
>> **(A)** the Federal short-term rate determined under subsection (b), plus
>> **(B)** 3 percentage points.

This is consistent with the trust agreements which also allow the Trust Funds to collect interest on the amount due.  *See* Decl. of J. Libby ¶9, Exhibit A.

Therefore, the Trust Funds are entitled to recover interest based on the statute.  The amount due as interest on the fringe benefit contributions is $116.99.  *See* Declaration of J. Libby ¶11, Exhibit A.  Accordingly, this Court should award the Trust Funds interest in the amount of $116.99 pursuant to 29 U.S.C. §1132(g)(2).

**C.      Liquidated Damages.**

Under ERISA, 29 U.S.C. §1132, the Trust Funds are entitled to collect liquidated damages on the unpaid contributions.  Section 1132(g)(2)(C)(ii) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> . . .
> **(C)** an amount equal to the greater of—
>> . . .
>> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

This is consistent with the trust agreements which also allow the Trust Funds to collect liquidated damages of 1.5% monthly on the amount due.  *See* Decl. of J. Libby ¶9, Exhibit A.

The total liquidated damages calculated at 1.5% per month compounded and capped at 20% equal $727.18.  *See* Decl. of J. Libby ¶11, Exhibit A.

**D.      Auditor's Fees.**

Under the terms of the Trust Agreements and the Area Agreement, a signatory employer is liable for reasonable fees of auditors retained by the Trust Funds used to establish the amount of delinquent contributions to the Trust Funds. *See* Declaration of J. Libby ¶12, Exhibit A.

Moreover, ERISA, 29 U.S.C. §1132, likewise provides that the Trust Funds are entitled to recover auditors' fees incurred to prove the amount of contributions owed:

> ERISA itself grants the district court authority to award the plaintiffs their reasonable attorney's fees and costs in successful actions to collect unpaid fringe benefit contributions owed to multi-employer plans, 29 U.S.C. § 1132(g)(2)(D), along with 'such other legal or equitable relief as the court deems appropriate,' id. § 1132(g)(2)(E). This court, among others, has construed the latter provision to include an award of audit costs. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005) (*citing Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1343 (9th Cir. 1988)).

*See Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009).

The Trust Funds incurred $1,122.50 in auditors' fees for the audit of Bryn Mawr's fringe benefit contributions to the Trust Funds during the Audit Period. *See* Declaration of J. Libby ¶12, Exhibit A.

Accordingly, this Court should award the Trust Funds $1,122.50 in reasonable auditors' fees for the audit of Bryn Mawr's books and records to determine that Bryn Mawr owed unpaid fringe benefit contributions.

**E.      Attorneys' Fees and Costs.**

Under the terms of the Trust Agreements and the Area Agreement, Bryn Mawr is liable for reasonable attorney fees incurred in collecting the delinquent contributions. *See* Declaration of J. Libby ¶10, Exhibit A.

In addition to Bryn Mawr's contractual obligation to pay legal fees, Bryn Mawr has a statutory obligation to pay attorneys' fees and costs. Under ERISA 29 U.S.C. §1132, Trust Funds are entitled to recover attorneys' fees and costs incurred to collect the unpaid contributions. Section 1132(g) provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions … (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the <u>court shall award the plan</u>—…. (D) reasonable attorney's fees and costs of the action, to be paid by the defendant …

*See* 29 U.S.C. §1132(g)(2) (emphasis added). Bryn Mawr is also liable for attorneys' fees and costs incurred by the Trust Funds to enforce any judgment entered in this matter. *See Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

Here the Trust Funds incurred $2,833.34 in attorneys' fees and costs. As stated in the affidavit and detailed billing statements accompanying this petition, the total fees and costs are comprised of $2,040.00 for attorney time, $174.00 in paralegal time and $619.34 in costs. *See* Declaration of K. McJessy ¶¶2,4, Exhibit B.

Billing statements are admissible to show the reasonableness of attorneys' fees and costs in ERISA cases. *See Trustees of the Chicago Plastering Inst. Pension Trust*, 570 F.3d at 903 (relying on attorneys "time records"); *Chicago Regional Council of Carpenters Pension Fund v. RCI Enterprises, Inc.*, 2011 U.S. Dist LEXIS *6-7 (N.D. Ill., July 20, 2011) (Feinerman, J.) (relying on billing time records for award of attorneys' fees).

Moreover, the fees charged here of $160/hour and $220/hour for attorney time are not only incredibly reasonable but a great bargain and a below market rate compared to the rates charged by other attorneys handling similar ERISA matters in the Northern District of Illinois. As a matter of law, the Northern District of Illinois has recognized that hourly rates of $175 per

hour to $250 per hour are reasonable rates for attorney time for ERISA litigation. *See Trustees of the Chicago Regional Council of Carpenters Pension Fund v. RCI Enterprises, Inc.,* 2011 U.S. Dist. LEXIS *6 (N.D. Ill.) (holding that attorney rates of $180/hr for a junior attorney to $250/hr for a partner are reasonable hourly rates for ERISA lawsuit by the Chicago Regional Council of Carpenters); *Board of Trustees of the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill. Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid contributions); *Trustees of the Teamsters Union Local No. 142 Pension Trust Fund v. Actin, Inc.,* 2010 U.S. Dist. LEXIS 103434, 20-21 (N.D. Ind. Sept. 28, 2010) (awarding attorneys fees based on an hourly rate of $175.00 to $200.00 per hour for attorneys' time and $90 per hour for paralegal time); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7, 2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

## III.    CONCLUSION.

For the forgoing reasons, the Trust Funds respectfully request that this Court enter final judgment for the Trust Funds in the amount of $8,465.61 as follows:

A.    $3,665.60 in unpaid contributions pursuant to the audit;

B.    $1,122.50 for auditor's fees incurred by the Trust Funds to complete the audit of Defendant's books and records;

C.    $116.99 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.    $727.18 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

E.    $2,833.34 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

The Trust Funds shall also recover reasonable attorney' fees and costs incurred by the Trust Funds in enforcing this order and any such further relief as this Court deems appropriate. *See*

*Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).  A proposed order is attached hereto as

Exhibit C.


                                        CHICAGO REGIONAL COUNCIL OF
                                        CARPENTERS PENSION FUND *et al*.


                                        By:   s/ Kevin P. McJessy
                                              One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Plaintiffs' Petition to Prove Up Damages and for Entry of Final Judgment** to be served upon

> John Delia, President
> Bryn Mawr Flooring, Inc.
> 113 W. Ridge Pike
> Conshohocken, PA 19428

via U.S. Mail by depositing the same in the U.S. Mail depository located at 3759 N. Ravenswood with postage prepaid on this 11th day of January 2016.

   s/ Kevin P. McJessy
Kevin P. McJessy

15 CV 009386

# Exhibit  A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

Plaintiffs,

v.

BRYN MAWR FLOORING, INC., a
Pennsylvania corporation,

Defendant.

Case No. 15 CV 09386

Judge Der-Yeghiayan

Magistrate Judge Valdez

## DECLARATION OF JOHN LIBBY

I, John Libby, hereby declare, under penalty of perjury pursuant to the laws of the United

States, that the following statements are true to the best of my knowledge information and belief:

1.       I am the Manager, Audits & Collections for the Chicago Regional Council of

Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the

Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program

and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the

Trust Funds").

2.       As part of my duties, I am responsible for managing the collection of

contributions for medical, pension and other benefits due from numerous employers pursuant to

collective bargaining agreements between the employers and the Chicago and Northeast Illinois

Regional Council of Carpenters ("Union") and between employers and the United Brotherhood

of Carpenters and Joiners of America.

3.       BRYN MAWR FLOORING, INC., a Pennsylvania corporation ("Defendant") is

an employer bound by a collective bargaining agreement with the Union ("Area Agreement").  A

copy of the Agreement dated August 24, 2009 between Defendant and the Union by which

Defendant agreed to be bound by the Area Agreement is attached as Exhibit 1. The Agreement binds Defendant to the Area Agreement with the Union and the trust agreements establishing the Trust Funds. The Agreement, the Area Agreement and the trust agreements are collectively referred to herein as "Agreements."

4.     Pursuant to the Agreements, Defendant is required to pay fringe benefit contributions to the Trust Funds for work performed by Defendant's employees and non-union subcontractors performing work falling within the jurisdiction of the Union.

5.     Pursuant to the Agreements, Defendant also agreed to submit to a periodic audit of its books and records in order to verify the accuracy of the contributions reported and paid to the Trust Funds.

6.     The Trust Funds engaged Legacy Professionals, LLP ("Legacy") to conduct an audit of Defendant's fringe benefit contributions to the Trust Funds for the period January 1, 2014 through December 31, 2014.

7.     Defendant produced records to Legacy. Legacy prepared a report of Defendant's fringe benefit contributions to the Trust Funds based on Legacy's review of the records produced by Defendant. Legacy delivered a copy of its Audit Report to the Trust Funds for Defendant's account. The Trust Funds made demand on Defendant to pay the amount due according the Audit Report.

8.     Thereafter, Defendant produced additional documents to the Trust Funds in order to explain why it believed that it did not owe all of the contributions set forth in the original Audit Report prepared by Legacy. Based on the records produced by Defendant, the Trust Funds adjusted the original Audit Report. A copy of the adjusted Audit Report is attached as Exhibit 2. According to the adjusted Audit Report and based on the records produced by Defendant to

Legacy and to the Trust Funds, Defendant owes $3,665.60 in unpaid fringe benefit contributions to the Trust Funds.

9.      The Agreements provide that the Trust Funds collect liquidated damages on unpaid fringe benefit contributions at a rate of 1½ percent compounded monthly and capped at 20 percent. The Agreements also provide that the Trust Funds collect interest on unpaid fringe benefit contributions as allowed by law.

10.     Because Defendant failed to comply with the terms of the Agreements, the Trust Funds have had to employ the services of attorney McJessy Ching & Thompson, LLC. As a result, the Trust Funds incurred attorneys' fees and costs.

11.     A summary of the updated calculations of accrued interest and liquidated damages as of December 21, 2015 is attached hereto as Exhibit 3. Defendant owes $116.99 in unpaid interest calculated pursuant to 26 U.S.C. §6621 and $727.18 in unpaid liquidated damages calculated in accordance with the Agreements.

12.     The Trust Funds paid Legacy $1,027.50 as auditors' fees for Legacy to conduct its review of Defendant's books and records and to prepare the Audit Report.

13.     I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

I declare under penalty of perjury that the foregoing is true and correct.

John Libby

Executed on:

_1 / 7 /1(_
Date



EXHIBIT 1

# *Memorandum of Agreement*

**Employer** Bryn Mawr Flooring, Inc.    **Address** 113 W. Ridge Pike

**City** Conshohocken    **State** PA    **Zip** 19428    **Phone** 610-828-3880

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, DeKalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Win nebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this __24th__ day of ___August___, 2009.

**EMPLOYER**

Bryn Mawr Flooring, Inc.

Joanne DeLia, VP
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

Authorized Regional Council Representative

Agreements

(Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers' Council, Cook, Lake and DuPage
Residential Construction Employers' Council, Will
Residential Construction Employers' Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)

(Western Region)

### Illinois

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Daviss, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-7 and portions of 1 and 8

### Iowa

Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Lousia north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson

Commercial/Residential, Appanoosa, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne

Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union

Floor Covering, Dubuque, Delaware, Clayton, and six Northern Townships in Jackson Window and Door, State

Commercial, Ceder, Iowa, Johnson, Poweshiek and Washington

Commercial Interior Systems, Ceder, Iowa, Johnson, Poweshiek and Washington

Residential, Ceder, Iowa, Johnson, Poweshiek and Washington

Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan, Independent Contractors of Waterloo (Commercial) Butler, Chicksaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek

Millwright, Adair, Allmakee, Appanoosa, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chicksaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Deleware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebego, Winneshiek, Worth, Wright

( Northern Region)

Commercial Carpenters and Floor Coverers' Agreement (State of Wisconsin)
Commercial Capenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement

The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

_____
Employer

_____
8·21·09
Date

EXHIBIT 2

# Discrepancy Summary By Month

| | | |
|---|---|---|
| Account Number: | 24924 | Audit Period:    Jan 14 - Dec 14 |
| Employer: | Bryn Mawr Flooring Inc | Contact:    Joanne Delia |
| Address: | 113 W Ridge Pike | Title:    Vice President |
| | Conshohocken, PA 19428 | |
| Phone: | 610-828-3880 | Page:    1 of 9 |

| Reporting Period | Discrepancy Total Hours | Discrepancy Benefit Hours | Contribution Rate | Discrepancy Amount |
|---|---|---|---|---|
| February 2014 | (8.00) | (8.00) | 26.87 | ($214.96) |
| July 2014 | 40.00 | 40.00 | 28.12 | $1,124.80 |
| August 2014 | 25.00 | 25.00 | 28.12 | $703.00 |
| September 2014 | 17.00 | 17.00 | 28.12 | $478.04 |
| October 2014 | 8.00 | 8.00 | 28.12 | $224.96 |
| December 2014 | 48.00 | 48.00 | 28.12 | $1,349.76 |

| Total Hours | 130.00 | Benefit Hours | 130.00 | Discrepancy Amount | $3,665.60 |
|---|---|---|---|---|---|
| | | | | Liquidated Damages | $727.18 |
| | | | | Total Amount Due | $4,392.78 |

# Discrepancy Summary By Error Type

Employer: Bryn Mawr Flooring Inc
Address: 113 W Ridge Pike
Conshohocken, PA 19428
Phone: 610-828-3880

Contact: Joanne Delia
Title: Vice President

Page: 2 of 9

| Code | Description | Dollar Amount |
|------|-------------|---------------|
| | **SIGNATORY EMPLOYER:  PAYROLL** | |
| P1 | Clerical Error | $3,440.64 |
| P3 | Omission | $224.96 |
| | Sub-Total Discrepancies From All Listed Codes | $3,665.60 |
| | Liquidated Damages | $727.18 |
| | Total Amount Due | $4,392.78 |

# Liquidated Damages Schedule

| Reporting Period | Contributions Due | Compounding Periods | Calculating Percentage | Total Liquidated Damages Owed |
|---|---|---|---|---|
| February 2014 | ($214.96) | 22.00 | 20.00% | ($42.99) |
| July 2014 | $1,124.80 | 17.00 | 20.00% | $224.96 |
| August 2014 | $703.00 | 16.00 | 20.00% | $140.60 |
| September 2014 | $478.04 | 15.00 | 20.00% | $95.61 |
| October 2014 | $224.96 | 14.00 | 20.00% | $44.99 |
| December 2014 | $1,349.76 | 12.00 | 19.56% | $264.01 |

| | | | |
|---|---|---|---|
| **Total Discrepancies** | $3,665.60 | **Total Damages this Schedule** | $727.18 |
| | | **20% of Discrepancies** | $733.12 |
| **Assessed Damages** | | | $727.18 |

# Monthly Detail Report

Account Number: 24924

Employer: Bryn Mawr Flooring Inc
Address: 113 W Ridge Pike
Conshohocken, PA 19428
Phone: 610-828-3880

Audit Period: Jan 14 - Dec 14

Month: February 2014

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * * Actual Hours Per Week * * * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
| | | | | | W/E 06-Feb | W/E 13-Feb | W/E 20-Feb | W/E 25-Feb | W/E 04-Mar | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ▬▬▬▬ | Bussa, Steven | P1 | 16.00 | 16.00 | 4.00 | 0.00 | 0.00 | 4.00 | 0.00 | 8.00 | | (8.00) | (8.00) |
| | Total | | | | 4.00 | 0.00 | 0.00 | 4.00 | 0.00 | 8.00 | | (8.00) | (8.00) |

Total Items Listed in this Period:     1.00

# Monthly Detail Report

| Account Number: | 24924 | | Audit Period: | Jan 14 - Dec 14 |
|---|---|---|---|---|
| Employer: | Bryn Mawr Flooring Inc | | Month: | July 2014 |
| Address: | 113 W Ridge Pike | | Page # : | 5 of 9 |
| | Conshohocken, PA 19428 | | | |
| Phone: | 610-828-3880 | | | |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 08-Jul | W/E 15-Jul | W/E 22-Jul | W/E 29-Jul | | | | | |
| �llll | Bussa, Steven | P1 | 120.00 | 120.00 | 32.00 | 40.00 | 40.00 | 40.00 | | 152.00 | | 32.00 | 32.00 |
| �llll | Mueller, Anthony | P3 | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | | 8.00 | | 8.00 | 8.00 |
| | Total | | | | 40.00 | 40.00 | 40.00 | 40.00 | 0.00 | 160.00 | | 40.00 | 40.00 |

Total Items Listed in this Period: 2.00

# Monthly Detail Report

| Account Number: | 24924 | | Audit Period: | | Jan 14 - Dec 14 |
| Employer: | Bryn Mawr Flooring Inc | | Month: | | August 2014 |
| Address: | 113 W Ridge Pike | | Page # : | | 6 of 9 |
| | Conshohocken, PA 19428 | | | | |
| Phone: | 610-828-3880 | | | | |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * * Actual Hours Per Week * * * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 05-Aug | W/E 12-Aug | W/E 19-Aug | W/E 26-Aug | W/E 02-Sep | | | | |
| ▓▓▓▓ | Bussa, Steven | P1 | 200.00 | 200.00 | 40.00 | 40.00 | 49.00 | 56.00 | 40.00 | 225.00 | | 25.00 | 25.00 |
| | | Total | | | 40.00 | 40.00 | 49.00 | 56.00 | 40.00 | 225.00 | | 25.00 | 25.00 |

Total Items Listed in this Period:     1.00

# Monthly Detail Report

| | |
|---|---|
| Account Number: 24924 | Audit Period: Jan 14 - Dec 14 |
| Employer: Bryn Mawr Flooring Inc | Month: September 2014 |
| Address: 113 W Ridge Pike | Page #: 7 of 9 |
| Conshohocken, PA 19428 | |
| Phone: 610-828-3880 | |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 09-Sep | W/E 16-Sep | W/E 23-Sep | W/E 30-Sep | | | | | |
| ▬ | Bussa, Steven | P1 | 192.00 | 192.00 | 48.00 | 56.00 | 49.00 | 40.00 | | 193.00 | | 1.00 | 1.00 |
| ▬ | Magiera, Jeffrey | P1 | 24.00 | 24.00 | 0.00 | 0.00 | 0.00 | 40.00 | | 40.00 | | 16.00 | 16.00 |
| | | | | | | | | | | | | | |
| | Total | | | | 48.00 | 56.00 | 49.00 | 80.00 | 0.00 | 233.00 | | 17.00 | 17.00 |

Total Items Listed in this Period:      2.00

# Monthly Detail Report

Account Number: 24924

Employer: Bryn Mawr Flooring Inc
Address: 113 W Ridge Pike
Conshohocken, PA 19428
Phone: 610-828-3880

Audit Period: Jan 14 - Dec 14

Month: October 2014

Page #: 8 of 9

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * *Actual Hours Per Week* * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 07-Oct | W/E 14-Oct | W/E 21-Oct | W/E 28-Oct | | | | | | |
| | Bussa, Steven | P1 | 80.00 | 80.00 | 48.00 | 40.00 | 0.00 | 0.00 | | 88.00 | | 8.00 | 8.00 |
| | | Total | | | 48.00 | 40.00 | 0.00 | 0.00 | 0.00 | 88.00 | | 8.00 | 8.00 |

Total Items Listed in this Period:  1.00

# Monthly Detail Report

Account Number: 24924

Employer: Bryn Mawr Flooring Inc
Address: 113 W Ridge Pike
Conshohocken, PA 19428
Phone: 610-828-3880

Audit Period: Jan 14 - Dec 14

Month: **December 2014**

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 09-Dec | W/E 16-Dec | W/E 23-Dec | W/E 30-Dec | | | | | |
| ▆▆▆ | Bussa, Steven | P1 | 96.00 | 96.00 | 56.00 | 40.00 | 48.00 | 0.00 | 144.00 | | 48.00 | 48.00 |
| | | Total | 96.00 | | 56.00 | 40.00 | 48.00 | 0.00 | 144.00 | 0.00 | 48.00 | 48.00 |

Total Items Listed in this Period:       1.00

EXHIBIT 3

# Interest & Damages Summary

Account Number: 24924

Calculation Date: December 21, 2015

Employer: Bryn Mawr Flooring Inc
Address: 113 W Ridge Pike
Conshohocken, PA 19428

| Reporting Period | Delinquency Amount | Interest | Liquidated Damages | Total Due |
|---|---|---|---|---|
| February 2014 | ($214.96) | ($11.20) | ($42.99) | ($269.15) |
| July 2014 | $1,124.80 | $43.96 | $224.96 | $1,393.72 |
| August 2014 | $703.00 | $25.62 | $140.60 | $869.22 |
| September 2014 | $478.04 | $16.21 | $95.61 | $589.86 |
| October 2014 | $224.96 | $7.04 | $44.99 | $276.99 |
| December 2014 | $1,349.76 | $35.36 | $264.01 | $1,649.13 |
| Totals | $3,665.60 | $116.99 | $727.18 | $4,509.77 |

# 15 CV 009386

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                     Plaintiffs,

    v.

BRYN MAWR FLOORING, INC., a
Pennsylvania corporation,

                   Defendant.

Case No. 15 CV 09386

Judge Der-Yeghiayan

Magistrate Judge Valdez

## DECLARATION OF KEVIN P. MCJESSY

       I, Kevin P. McJessy, hereby declare, under penalty of perjury pursuant to the laws of the United States, that the following statements are true:

       1.     I am one of the attorneys representing the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program, and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the Trust Funds") in the above-captioned lawsuit ("Lawsuit") against BRYN MAWR FLOORING, INC., a Pennsylvania corporation ("Defendant").

       2.     I have been licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois since 1995. I am an attorney with McJessy, Ching & Thompson, LLC ("MC&T").

       3.     As part of my practice, I handle claims under ERISA. I personally represented the Trust Funds in this Lawsuit. I have represented the Trust Funds in this Lawsuit since its inception.

4.     The Trust Funds have incurred $2,833.34 in fees and expenses to compel Defendant to comply with its obligations under the terms of the Collective Bargaining Agreement and applicable trust agreements.  A redacted copy of the billing statement from MC&T from the inception of this Lawsuit to the present, redacted to protect privileged communications, is attached as Exhibit 1.  The detailed billing statement describes in detail all work performed by MC&T in this matter.

a)     The Trust Funds have collectively incurred fees totaling $2,040.00 for 11.7 hours of attorney services.  The Trust Funds incurred fees totaling $1,408.00 for 8.8 hours of attorney services prior to December 31, 2015 at the substantially reduced hourly rate for attorneys at MC&T of $160.00 per hour and fees totaling $632.00 for 2.9 hours of attorney services after December 31, 2015 at the reduced hourly rate for attorneys at MC&T of $220.00 per hour.

b)     The Trust Funds have collectively incurred fees totaling $174.00 for 2.9 hours of paralegal services.  The Trust Funds incurred fees totaling $174.00 for 2.9 hours of paralegal services prior to December 31, 2015 at the substantially reduced hourly rate for paralegals at MC&T of $60.00 per hour.

c)     The Trust Funds incurred $619.34 in expenses for the filing fee, process server charges for service of summons, legal research charge, courier charge, photocopy charges and postage charges.

5.     The attorneys' fees, paralegal fees and costs charged to the Trust Funds in this matter are consistent with MC&T's regular charges for services to the Trust Funds on similar matters and are substantially reduced from MC&T for other clients.

6.    I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

_____    _____
Kevin P. McJessy                                    Date

15 CV 009386

# Exhibit 1

| ate Entry # | Received From/Paid To Explanation | Chq# Rcd# | General — Rcpts | Disbs | Fees | Bld Inv# | Trust Activity Acc Rcpts | Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|

**000   Chicago Regional Council of Carpenters -**
**238-BRYN    Bryn Mawr Flooring, Inc. - Audits**              Resp Lawyer: KM

| Date / Entry # | Explanation | Chq#/Rcd# | Rcpts | Disbs | Fees | Inv# |
|---|---|---|---|---|---|---|
| ay 8/2015 90576 | Expense Recovery Postage Recovery | 00313 | | 5.44 | | 9285 |
| ay 8/2015 90753 | Lawyer: KM 0.50 Hrs X 160.00 Reviewed correspondence from B. Yackley regarding ▬▬▬▬. Reviewed online information for company to which demand letter is to be sent. Prepared audit demand letter to Bryn Mawr Flooring. | | | | 80.00 | 9285 |
| ay 14/2015 90773 | Lawyer: KM 0.10 Hrs X 160.00 Reviewed correspondence from B. Yackley ▬▬▬▬▬▬▬ | | | | 16.00 | 9285 |
| ay 19/2015 90446 | Billing on Invoice 9243 | | | 0.00 | | 9243 |
| ay 31/2015 90597 | Expense Recovery Photocopy Recovery | | | 0.72 | | 9285 |
| un 22/2015 90927 | Billing on Invoice 9285 FEES 96.00 DISBS 6.16 | | | 0.00 | | 9285 |
| ul 13/2015 91290 | Chicago Regional Council of Carpe PMT - | 01632 | 102.16 | | | |
| ul 20/2015 91634 | Billing on Invoice 9366 | | | 0.00 | | 9366 |
| ug 20/2015 92247 | Billing on Invoice 9445 | | | 0.00 | | 9445 |
| ep 18/2015 93088 | Billing on Invoice 9520 | | | 0.00 | | 9520 |
| ct 19/2015 93782 | Billing on Invoice 9587 | | | 0.00 | | 9587 |
| ct 22/2015 94281 | Lawyer: KM 1.80 Hrs X 160.00 Reviewed audit referral file as necessary to prepare complaint against Bryn Mawr Flooring; prepared complaint against Bryn Mawr Flooring. Reviewed documents attendant to filing of complaint, i.e., appearance, cover and summons. | | | | 288.00 | 9659 |
| ct 23/2015 93888 | Seagull Legal Services Process Server recovery | 4795 | | 55.00 | | 9659 |
| ct 23/2015 93889 | Lawyer: SK 1.50 Hrs X 60.00 Prepared attorney appearance, civil cover sheet and summons (including reviewing file materials and internet searches for most accurate address for defendant) (.4); filed complaint, civil cover sheet and appearance with court (.3); reviewed ECF court notice regarding assignment of judges and completed summons as appropriate (.2); prepared email correspondence to court intake clerk forwarding summons for issuance; prepared email correspondence to J. Libby and J. Conklin ▬▬▬▬▬ (.1); confer with and prepared email correspondence to Pennsylvania process server forwarding summons and complaint for service (.3); prepared correspondence to Judge Der-Yeghiayan forwarding file-stamped complaint (.2). | | | | 90.00 | 9659 |
| ct 30/2015 93931 | Lawyer: SK 0.30 Hrs X 60.00 Reviewed email from Pennsylvania process server regarding several unsuccessful attempts made to serve summons and complaint -- server believes service is being evaded; reviewed Lexis report for John Delia and confer with prepared email correspondence to PA process server providing home address for service on John or Joanne (both are corporate officers). | | | | 18.00 | 9659 |
| ct 31/2015 93956 | LexisNexis Legal Research - October 2015 - | 4804 | | 53.50 | | 9659 |
| ct 31/2015 | Expense Recovery | | | | | |

Client Ledger
ALL DATES

| Date<br>Entry # | Received From/Paid To<br>Explanation | Chq#<br>Rec# | General<br>Rcpts | Disbs | Fees | Bld<br>Inv# | Trust Activity<br>Acc | Rcpts | Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 93966 | Photocopy Recovery | 00330 | | 2.76 | | 9659 | | | | |
| Oct 31/2015<br>93999 | US Messenger & Logistics<br>Courier Recovery | 4807 | | 14.55 | | 9659 | | | | |
| Oct 31/2015<br>94006 | Seagull Legal Services<br>Process Server recovery –<br>Service at Home Address | 4808 | | 60.00 | | 9659 | | | | |
| Nov 9/2015<br>94021 | Lawyer: SK 0.60 Hrs X 60.00<br>Reviewed process server's<br>affidavit of service upon<br>corporate vice president<br>Joanne Delia at home address,<br>reviewed email from process<br>server and confer with process<br>server regarding possible<br>revision of affidavit to add<br>"vice president" (.2); filed<br>affidavit of service and<br>summons with court (.2);<br>prepared correspondence to<br>Judge Der-Yeghiayan forwarding<br>file-stamped courtesy copy of<br>same (.2). | | | | 36.00 | 9749 | | | | |
| Nov 9/2015<br>94656 | Expense Recovery<br>Postage Recovery | 00333 | | 0.49 | | 9749 | | | | |
| Nov 9/2015<br>94777 | Lawyer: KM 0.70 Hrs X 160.00<br>Reviewed ECF court order of<br>Judge Der-Yeghiayan setting<br>initial report dates. (.1)<br>Prepared correspondence to<br>Bryn Mawr forwarding Court<br>order setting 12/16/15 status<br>hearing. (.2) Addressed<br>issues with regarding to<br>affidavit of service for<br>service of complaint on vice<br>president of defendant and<br>attempt to get affidavit<br>corrected to reflect that<br>person served was the vice<br>president of defendant. (.2)<br>Reviewed correspondence from J.<br>Conklin regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓.<br>(.1) Prepared correspondence<br>to J. Conklin ▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓. (.1) | | | | 112.00 | 9749 | | | | |
| Nov 12/2015<br>94841 | Lawyer: KM 0.20 Hrs X 160.00<br>Telephone call from Bryn Mawr<br>Flooring regarding audit<br>objections; should contact J.<br>Conklin directly. (.1)<br>Telephone call to J. Conklin<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓. (.1) | | | | 32.00 | 9749 | | | | |
| Nov 20/2015<br>94373 | Billing on Invoice 9659<br>FEES    396.00<br>DISBS    185.81 | | | | 0.00 | 9659 | | | | |
| Nov 25/2015<br>94550 | Capital One Services<br>Filing Fee  – | 4820 | | 400.00 | | 9749 | | | | |
| Nov 30/2015<br>94669 | Expense Recovery<br>Photocopy Recovery | 00334 | | 1.80 | | 9749 | | | | |
| Dec 4/2015<br>95218 | Lawyer: KM 0.40 Hrs X 160.00<br>Reviewed and responded to<br>correspondence from J. Conklin<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓; reviewed<br>adjusted audit report. | | | | 64.00 | | | | | |
| Dec 10/2015<br>94742 | Lawyer: SK 0.50 Hrs X 60.00<br>Filed jurisdictional statement<br>with court; filed initial<br>status report with court;<br>prepared correspondence to<br>Judge Der Yeghiayan forwarding<br>file-stamped courtesy copies of<br>same. | | | | 30.00 | | | | | |
| Dec 10/2015<br>95304 | Expense Recovery<br>Postage Recovery | 00336 | | 0.71 | | | | | | |
| Dec 10/2015<br>95329 | Lawyer: KM 1.00 Hrs X 160.00<br>Reviewed standing order of<br>Judge Der-Yeghiayan for<br>jurisdictional statement and<br>status report; drafted<br>jurisdictional statement and<br>standing order. | | | | 160.00 | | | | | |

| Date<br>Entry # | Received From/Paid To<br>Explanation | Chq#<br>Rec# | General<br>Rcpts | Disbs | Fees | Bld<br>Inv# | Trust Activity<br>Acc Rcpts | Disbs | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Dec 14/2015<br>94801 | Chicago Regional Council of Carpe<br>PMT - | 01696 | 581.81 | | | | | | |
| Dec 15/2015<br>95033 | Billing on Invoice 9749<br>FEES 180.00<br>DISBS 402.29 | | | 0.00 | | 9749 | | | |
| Dec 16/2015<br>95330 | Lawyer: KM  1.50 Hrs X 160.00<br>Appeared in court before Judge<br>Der-Yeghiayan for status<br>hearing and hearing on oral<br>motion for default, motion<br>granted case continued to<br>1/12/15. | | | | 240.00 | | | | |
| Dec 17/2015<br>95149 | US Messenger & Logistics<br>Courier Recovery | 4840 | | 14.55 | | | | | |
| Dec 18/2015<br>95333 | Lawyer: KM  1.60 Hrs X 160.00<br>Prepared initial draft of<br>petition for prove up of<br>damages; reviewed documents as<br>necessary to prove up damages. | | | | 256.00 | | | | |
| Dec 22/2015<br>95298 | Expense Recovery<br>Postage Recovery | 00336 | | 1.42 | | | | | |
| Dec 22/2015<br>95332 | Lawyer: KM  1.00 Hrs X 160.00<br>Telephone call with J. Conklin<br>regarding ▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br>▆▆▆▆▆. (.2) Prepared<br>correspondence to Byrn Mawr<br>Flooring making demand for<br>amount due; payment due by<br>12/31/15 or Trust Funds will<br>pursue final judgment;<br>reviewed documents and audit<br>documents as necessary to<br>prepare final demand letter.<br>(8) | | | | 160.00 | | | | |
| Dec 31/2015<br>95317 | Expense Recovery<br>Photocopy Recovery | 00337 | | 8.40 | | | | | |
| Jan  5/2016<br>95278 | Lawyer: KM  0.10 Hrs X 160.00<br>Telephone call with J. Conklin<br>regarding ▆▆▆▆▆▆▆▆▆▆▆▆▆▆;<br>advised by J. Conklin ▆▆▆▆▆ | | | | 16.00 | | | | |
| Jan  7/2016<br>95334 | Lawyer: KM  1.50 Hrs X 220.00<br>Telephone call with J. Conklin<br>▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br>▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br>▆▆▆▆▆▆ (.2)  Prepared<br>declaration of J. Libby to<br>support Trust Funds' claim for<br>damages and to authenticate the<br>audit report; reviewed file<br>documents as necessary to<br>produce the audit.  (.8)<br>Prepared correspondence to J.<br>Libby ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br>(.1)  Telephone call with J.<br>Libby ▆▆▆▆▆▆▆▆▆▆▆▆▆<br>▆▆▆▆▆▆▆  (.1)  Revised<br>declaration per comments of J.<br>Libby.  (.1)  Prepared<br>correspondence to J. Libby<br>▆▆▆▆▆▆▆▆▆▆▆  (.1)<br>Revised motion for entry of<br>judgment to fill in some of<br>the damages calculations.  (.1) | | | | 330.00 | | | | |
| Jan 11/2016<br>95336 | Lawyer: KM  1.30 Hrs X 220.00<br>Prepared declaration of K.<br>McJessy in support of petition<br>to prove up damages and<br>reviewed billing records as<br>necessary to prepare motion.<br>(.8)  Made final revisions to<br>petition for prove up of<br>damages including filling in<br>attorneys' fees amounts.  (.5) | | | | 286.00 | | | | |

| | UNBILLED | | | | BILLED | | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|
| TOTALS | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | - RECEIPTS | = A/R | TRUST |
| PERIOD | 14.55 | 10.53 | 1542.00 | 1567.08 | 594.26 | 672.00 | 0.00 | 683.97 | 582.29 | 0.00 |
| END DATE | 14.55 | 10.53 | 1542.00 | 1567.08 | 594.26 | 672.00 | 0.00 | 683.97 | 582.29 | 0.00 |

| | UNBILLED | | | | BILLED | | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|
| FIRM TOTAL | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | - RECEIPTS | = A/R | TRUST |
| PERIOD | 14.55 | 10.53 | 1542.00 | 1567.08 | 594.26 | 672.00 | 0.00 | 683.97 | 582.29 | 0.00 |
| END DATE | 14.55 | 10.53 | 1542.00 | 1567.08 | 594.26 | 672.00 | 0.00 | 683.97 | 582.29 | 0.00 |

# 15 CV 009386

# Exhibit  C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                  Plaintiffs,

    v.

BRYN MAWR FLOORING, INC., a
Pennsylvania corporation,

                  Defendant.

Case No. 15 CV 09386

Judge Der-Yeghiayan

Magistrate Judge Valdez

## ORDER

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Trust Funds")

motion for entry of final judgment is granted and judgment is entered in favor of the Trust Funds

and against defendant BRYN MAWR FLOORING, INC., a Pennsylvania corporation

("Defendant") in the amount of $8,465.61 as follows:

    A.    $3,665.60 in unpaid contributions pursuant to the audit;

    B.    $1,122.50 for auditor's fees incurred by the Trust Funds to complete the audit of
           Defendant's books and records;

    C.    $116.99 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D.    $727.18 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

    E.    $2,833.34 in reasonable attorneys' fees and costs the Trust Funds incurred in this
           action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

The Trust Funds shall also recover reasonable attorney' fees and costs incurred by the Trust

Funds in enforcing this order and any such further relief as this Court deems appropriate. *See*

*Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

_____        _____
Date                           Judge Samuel Der-Yeghiayan